**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

_____
___

| | |
|---|---|
| **WILLIAM A. McCOY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. _____** |
| ) | |
| **REMINGTON ARMS COMPANY, LLC.,** ) | |
| **SPORTING GOODS PROPERTIES, INC.** ) | |
| **and E. I. DuPONT DE NEMOURS AND** ) | **JURY TRIAL DEMANDED** |
| **COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**COMPLAINT**
_____
___

COMES NOW Plaintiff William McCoy, by and through his attorneys, Timothy W. Monsees and Andrew S. LeRoy, Monsees & Mayer, P.C. and for his claim for relief against Defendants, Remington Arms Company, LLC., Sporting Goods Properties, Inc. and E.I. DuPont De Nemours and Company state and allege as follows:

**PARTIES**

1.      Plaintiff William McCoy, (hereinafter "Plaintiff") resides at 308 E. Bowers, Sedan, Kansas, 67361.

2.      Defendant Remington Arms Company, LLC is a Delaware Corporation, and registered to do business in the Commonwealth of Pennsylvania.  Service should be made upon its registered agent, CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103, unless Defendant Remington Arms Company, Inc. waives service pursuant to Rule 4(d), F.R.Civ. P.

3.      Sporting Goods Properties, Inc. is a Delaware corporation and registered to do business in the Commonwealth of Pennsylvania.  Service should be made upon its registered agent, CT Corporation System 1635 Market Street, Philadelphia, Pennsylvania 19103, unless Defendant Sporting Goods Properties, Inc. waives service pursuant to Rule

4(d), F.R.Civ. P.

4.       E.I. DuPont de Nemours, Inc. is a Delaware Corporation and registered to do business in the Commonwealth of Pennsylvania.  Service should be made upon its registered agent, CT Corporation System at 1635 Market Street, Philadelphia, Pennsylvania 19103, unless Defendant E.I. DuPont de Nemours, Inc. waives service pursuant to Rule 4(d), F.R.Civ. P.

## JURISDICTION, VENUE AND SERVICE OF PROCESS ALLEGATIONS

5.       This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332 in that all facts and occurrences alleged below took place in Chautauqua County, Kansas. Additionally, the Plaintiff is a citizen of Kansas, and the Defendants are all corporate citizens of the State of Delaware and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

6.       Venue is proper within the District of Kansas because the incident which gives rise to this complaint occurred within Chautauqua County, Kansas.

7.       Plaintiff requests the case be assigned to the Kansas City, Kansas Court location.

## COMMON ALLEGATIONS

8.        Defendant Remington Arms Company, LLC; Sporting Goods Properties, Inc.; and E.I. DuPont de Nemours, Inc.  (hereinafter collectively "Defendants") are engaged in the business of designing, manufacturing, assembling, distributing and selling firearms.

9.       Defendants did design, manufacture, distribute, sell and, place into the stream of commerce, Remington Model 700, Model 22 .250, bolt action rifle including the action, fire control system, and safety, bearing Serial Number S6263361 (hereinafter "Rifle"), knowing and expecting that said Rifle would be used by consumers and around

members of the general public.

10.     Prior to November 30, 1993, DuPont owned 100% of the stock in the company known as Remington Arms Company, Inc. (now Sporting Goods Properties, Inc., hereinafter "SGPI").

11.     On or about November 30, 1993, Remington Arms Acquisition Corporation, Inc., hereinafter "RACI") purchased from  E.I. DuPont De Nemours and Company substantially all of the income producing assets of Remington Arms Company, Inc. (now known as SGPI), including the corporate name.

12.     The company formerly known as Remington Arms Company, Inc. changed its name to Sporting Goods Properties, Inc., and RACI changed its name to Remington Arms Company, LLC.

13.     On February 14, 2012, Plaintiff William McCoy (hereinafter "McCoy") and his friend, Jason Nordel (hereinafter "Nordel"), were coyote hunting on their way home from work in Chautauqua County, Kansas.

14.     Nordel had loaded the Rifle, put the Rifle on safe and placed the Rifle in his Toyota pickup truck that morning prior to leaving for work.

15.     The Rifle was positioned with the barrel down toward the floorboard, the stock near the gear shifter and the butt in between the seats.

16.     On or about February 14, 2012, Nordel drove the truck onto a field and stopped the vehicle.  McCoy, who was sitting in the passenger seat, reached with his left hand to pick up the Rifle.

17.     McCoy grasped the Rifle by the forestock and as he moved the Rifle upward, the safety moved from the safe to the fire position and the Rifle fired.

18.     McCoy was struck in the top of the right foot, causing serious and permanent injury.

19.     McCoy and Nordel heard the safety click off as McCoy moved the rifle.

20.     McCoy did not pull the trigger on the rifle prior to the discharge.

21.     McCoy immediately put the rifle down and Jason drove him to Sedan City Hospital, approximately 10 miles away.

22.     On or about February 14, 2012, x-rays at the hospital revealed fractures in 5 metatarsals in McCoy's right foot.

23.     McCoy is bringing this action to recover damages from Defendants arising from his personal injuries caused by this incident.

24.     Plaintiff's damages include past and future:  medical expenses, mental and physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability, disfigurement, and other general and special damages in an amount to be determined by the jury at trial of this action.

## COUNT I

## STRICT LIABILITY

Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 24 of the Complaint as though set forth at length herein.

25.     The Rifle, as designed, manufactured, sold and distributed by Defendants was in a defective condition, unreasonably dangerous to the user, consumer or bystander, their property and the public in general.

26.     McCoy, a consumer of the general public, used the Rifle in a reasonably foreseeable manner.

27.     The Rifle as designed, manufactured, sold and distributed by Defendants was in substantially the same condition as when it was manufactured by Defendants.

28.     The Rifle was defective and unreasonably dangerous when it was sold by Defendants and at the time it left their possession and control.

29.     Plaintiff was injured as a direct and proximate result of the defective design, manufacture, sale and distribution of the Rifle.

30.     The defective design, manufacture, sale and distribution of the Rifle were the causes or substantial factors in causing the accident in question.

31.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

32.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to undergo medical treatment and incur medical and out of pocket expenses.

33.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to incur loss of earnings.

34.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to have an impaired earning capacity.

35.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will suffer from a permanent disability for the remainder of his lifetime.

36.     By reason of the Defendants' defective design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will be deprived of the ordinary pleasures of life.

37.     Plaintiff has suffered and is entitled to recover damages from Defendants as a direct and proximate result of the defective design, manufacture, sale and distribution of the Rifle.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.      For compensatory, special and general damages against the Defendants, jointly and severally, in a fair and reasonable amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiff's losses, in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00);

B.      For attorney's fees and costs incurred in this action as permitted by law;

C.      For interest from the date of the accident as permitted by law; and

D.      For such further and additional relief as this Court deems just and proper.

## COUNT II

## STRICT LIABILITY FAILURE TO WARN

38.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 of the Complaint as though set forth at length herein.

39.     The Rifle was in a defective and unreasonably dangerous condition because of the failure to warn of its propensity to unexpectedly discharge without pulling the trigger and the failure to properly instruct about its care and maintenance.

40.     Plaintiff had no knowledge of said defective conditions present in the Rifle and had no reason to suspect it was unreasonably dangerous prior to the inadvertent discharge that injured McCoy.

41.     As a direct and proximate result of the Defendants' failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, McCoy has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

42.     By reason of the Defendants' failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will continue to undergo medical treatment and incur medical and out of pocket expenses.

43.     By reason of the Defendants' failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will continue to incur loss of earnings.

44.     By reason of the Defendants' failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will

continue to have an impaired earning capacity.

45.      By reason of the Defendants' failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will suffer from a permanent disability and disfigurement for the remainder of his lifetime.

46.      By reason of the failure to warn of the Rifle's propensity to unexpectedly discharge without pulling the trigger and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.      For compensatory, special and general damages against the Defendants, jointly and severally, in a fair and reasonable amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiff's losses, in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00);

B.      For attorney's fees and costs incurred in this action as permitted by law;

C.      For interest from the date of the accident as permitted by law; and

D.      For such further and additional relief as this Court deems just and proper.

## COUNT III

## NEGLIGENT DESIGN AND MANUFACTURE

47.      Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 of the Complaint as though set forth at length herein.

48.      Defendants negligently designed, manufactured, sold and distributed the Rifle in its defective and unreasonably dangerous condition.

49.      Defendants were negligent, careless and reckless in one or more of the

following respects:

a.   In designing a fire control with a "trigger connector";

b.   In designing a fire control with manufacturing tolerance build up;

c.   In designing a fire control that failed to include preset engagement between the trigger connector and the sear;

d.   In designing a fire control that was susceptible to the accumulation of debris, lubrication build up, and/or the accumulation of rust;

e.   In designing a fire control that was susceptible to adjustment;

f.   In designing a fire control that was susceptible to the presence of manufacturing burrs or debris;

g.   In designing a fire control that will fire without a pull of the trigger;

h.   In designing a fire control that will fire when the safety is shifted from the "safe" to the "fire" position;

i.   In designing a fire control that will fire when the bolt is cycled;

j.   In designing a fire control that will "jar off";

k.   In designing a fire control that uses improper materials, including "powdered metal" for the sear that are unusually susceptible to normal wear and tear;

l.   In manufacturing a fire control that has burrs or manufacturing debris within the fire control;

m.   In manufacturing a fire control without proper or adequate quality control procedures or checks;

n.   In failing to warn users and handlers of the rifles of the potential for firings in the absence of a pull of the trigger;

o.   In failing to warn users and handlers of the risks and hazards of improper maintenance of the Rifle;

p.   In failing to warn users and handlers of the risks and hazards of adjustment of the fire control;

q.   In failing to inform or advise users and handlers of the proper

procedures for maintenance of the Rifle; and

r.      In failing to inform or advise users and handlers of the proper procedures for adjustments to the fire control.

50.     As a direct and proximate result of Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, McCoy has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

51.     By reason of the Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to undergo medical treatment and incur medical and out of pocket expenses.

52.     By reason of the Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, McCoy has and will continue to incur loss of earnings.

53.     By reason of the Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, Plaintiff has and will continue to have an impaired earning capacity.

54.     By reason of the Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, Plaintiff has and will suffer from a permanent disability and disfigurement for the remainder of his lifetime.

55.     By reason of the Defendants' negligent, careless and reckless design, manufacture, sale and distribution of the Rifle, and the direct and proximate cause thereof, Plaintiff has and will be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.      For compensatory, special and general damages against the Defendants, jointly and severally, in a fair and reasonable amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiff's losses, in excess of Seventy-Five Thousand Dollars and

00/100 ($75,000.00);

    B.    For attorney's fees and costs incurred in this action as permitted by law;

    C.    For interest from the date of the accident as permitted by law; and

    D.    For such further and additional relief as this Court deems just and proper.

## COUNT IV

## <u>NEGLIGENT FAILURE TO WARN</u>

56.    Plaintiff incorporates herein by reference each and every allegation set forth herein in Paragraphs 1 through 55 of the Complaint as though set forth herein.

57.    Defendants negligently, carelessly and recklessly failed to warn of the Rifle's propensity to discharge unexpectly without pulling the trigger and failed to properly instruct about its care and maintenance.

58.    Defendants further failed and neglected to instruct and warn owners and gun handlers of the dangerous propensities of the rifle to fire when the safety is moved to the "fire" position, as needed to load and unload the rifle.

59.    Plaintiffs' had no knowledge of said defective conditions present in the Rifle and had no reason to suspect it was unreasonably dangerous prior to the inadvertent discharge which injured McCoy.

60.    As a direct and proximate result of Defendants' negligent, careless and reckless failure to warn of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, McCoy has and will continue to incur mental and physical pain and suffering, inconvenience and embarrassment.

61.    By reason of the Defendants' negligent, careless and reckless failure to warn of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will continue to undergo medical treatment and incur medical and out of pocket expenses.

62.    By reason of the Defendants' negligent, careless and reckless failure to warn

of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, McCoy has and will continue to incur loss of earnings.

63.     By reason of the Defendants' negligent, careless and reckless failure to warn of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff has and will continue to have an impaired earning capacity.

64.     By reason of the Defendants' negligent, careless and reckless failure to warn of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff has and will suffer from a permanent disability and disfigurement for the remainder of his lifetime.

65.     By reason of the Defendants' negligent, careless and reckless failure to warn of the Rifle's propensity to unexpectedly discharge and failure to properly instruct about its care and maintenance, and the direct and proximate cause thereof, Plaintiff has and will be deprived of the ordinary pleasures of life.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     For compensatory, special and general damages against the Defendants, jointly and severally, in a fair and reasonable amount as the jury deems just and equitable under the circumstances and commensurate with Plaintiff's losses, in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00);

B.     For attorney's fees and costs incurred in this action as permitted by law;

C.     For interest from the date of the accident as permitted by law; and

D.     For such further and additional relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff prays that the causes of action alleged herein be tried in this Court before a jury of their peers.

RESPECTFULLY SUBMITTED this 15th day of January, 2014.

**MONSEES & MAYER, P.C.**
A Professional Corporation


*/s/ Timothy W. Monsees*
Timothy W. Monsees, KS # 13507
Andrew S. LeRoy, KS #25209
4717 Grand Avenue, Suite 820
Kansas City, MO  64112
(816) 361-5550
(816) 361-5577 facsimile
tmonsees@monseesmayer.com
aleroy@monseesmayer.com